UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| QUICKSILVER AUDIO, LTD., a Washington corporation, and KATHLEEN WILLIAMS-DESKIN and ROGER ASHBY, individual members of QUICKSILVER PARTNERSHIP, a Washington partnership,<br><br>                    Plaintiffs,<br><br>     -vs-<br><br>CITY OF KENNEWICK, a Washington municipal corporation, and APOLLO, INC., a Washington corporation,<br><br>                    Defendants. | NO.  CV-07-5034-LRS<br><br>**ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS** |

   **BEFORE THE COURT** is Defendant Apollo Inc.'s ("Apollo") Motion for Partial Summary Judgment (Ct. Rec. 30), filed on July 31, 2008; and Defendant City of Kennewick's ("Defendant City") Motion for Summary Judgment (Ct. Rec. 52), filed October 24, 2008.  A motions' hearing was held in Yakima, Washington on November 25, 2008.  Lucinda Luke participated on behalf of Plaintiffs; Michael Tierney participated on behalf of the Defendant City; and Tyler Storti participated on behalf of Defendant Apollo.  This order is entered to supplement and finalize

ORDER - 1

the preliminary rulings made by the Court at the hearing.

**I.  BRIEF FACTS**

In 2000, Defendant City began planning a public improvement project ("Project") designed to address worsening traffic congestion and public safety issues on Columbia Center Boulevard, a heavily traveled thoroughfare in the City.  The Project involved construction of a grade separation that would allow the street to bypass a then-existing at-grade railroad crossing.  Defendant Apollo was awarded the contract for the Project in March 2004.

Defendant City and its engineers informed the public about the Project and made it clear that the Project required a temporary realignment of Columbia Center Boulevard and would involve traffic delays, difficult access to some nearby businesses and significant construction noise and vibration.  The City estimated the Project would take approximately 16 months.  The Project was completed in November 2005, approximately 18 months after construction began due to a brief injunction by a neighboring apartment complex which caused the added delay.

Plaintiff Quicksilver Audio is an audio equipment business located on Columbia Center Boulevard near the Project site and is owned and operated by Plaintiffs Kathleen Williams-Deskin and Roger Ashby.

The City modified the design of the Project to minimize impact on businesses and allowed construction activities only on weekdays between 7 a.m.-5 p.m.  As expected, the Project resulted in necessary and unavoidable construction noise and vibration and temporary detours

ORDER - 2

and access blockages.  Nevertheless, the temporary access route to Plaintiff Quicksilver was built in accordance with the City Department of Public Works Contract No. P0201, Drawing No. S7.  Defendant Apollo maintained dust control with a water truck, seeded the open excavation area south of Plaintiff Quicksilver's property, and placed gravel on the storage property to the north and on the shared access road to reduce dust.  The use of vibratory equipment was also restricted. After completion of the Project, access to Plaintiff Quicksilver was better than had existed prior to the Project.

Plaintiffs complain of past and ongoing dust, noise and vibration.  On May 29, 2007, Plaintiffs filed the present lawsuit in Benton County which was then removed to this Court.

## II.  SUMMARY JUDGMENT STANDARD

A Court will grant summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The party seeking summary judgment must show that no genuine issue of material fact exists and that the Court should grant judgment as a matter of law.  *Celotex Corp. v.  Catrett*, 477 U.S. 317, 323 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).  The Court must construe all facts and all justifiable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

The party opposing summary judgment must go beyond the pleadings

ORDER - 3

to designate specific facts establishing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978).  The non-moving party may use affidavits, depositions, answers to interrogatories, and admissions to do this. *Celotex*, 477 U.S. at 323-24.  The Court must enter summary judgment against a party who fails to make a showing sufficient to establish an essential element of a claim, even if genuine factual disputes exist regarding other elements of the claim.  *Id*. At 322-23.  No issue for trial exists unless sufficient evidence favors the non-moving party for a jury to return a verdict for that party.  *Anderson*, 477 U.S. at 249.  Thus, a scintilla of evidence in support of the non-moving party's position will not suffice.  *Id.* at 252.

At the summary judgment stage the Court's function is not to weigh the evidence or judge credibility.  *Id*. at 249.  Essentially the inquiry is "whether the evidence presents a sufficient disagreement to require submission to [a fact finder] or whether it is so one sided that one party must prevail as a matter of law."  *Id*. at 252.

## III. DEFENDANTS' MOTIONS

### A.  Defendant Apollo's Partial Summary Judgment Motion

1. *Interference with Access Claim*

Plaintiffs allege in their second cause of action that the City and Apollo "substantially and unreasonably interfered with the right of access of the plaintiffs and their business invitees" to the property and that this interference "permanently damaged the value of the business and of the described property and improvements."  Under Washington law, a claim for "interference with access" is a theory of

ORDER - 4

recovery within a cause of action for inverse condemnation and is not a valid claim against a non-government defendant.  Additionally, recovery under this type of claim is limited to damages arising from the complete, permanent loss of access.  The Court finds Plaintiff's claim fails because: 1) Defendant Apollo is not a governmental entity; and 2) the interference with access to Plaintiffs' property was partial and existed only temporarily during portions of the now-completed Project.  This claim against Apollo and the City is dismissed.

    **2.**   *Negligence (to the extent that plaintiffs' negligence claim relies on the theory of negligent interference with business expectancy)*

Defendant Apollo argues in its third cause of action that the Washington courts have not recognized a cause of action sounding in "negligent interference with a business expectancy."  However, if such claim existed, it would fail because Apollo and the City:  1) had no knowledge of a valid business expectancy of Plaintiff Quicksilver's; 2) had no malicious intent or improper purpose to allegedly interfere with Quicksilver's business expectancy; and 3) employed no improper means in the alleged interference.  The Court agrees with Defendants. The negligence claim relying on the theory of negligent interference with business expectancy by Apollo and the City is dismissed.  The rest of the negligence claim against Defendant Apollo for direct damages to the improvements on the  real property, to the extent they can be proven, remain.

    3.   *Intentional Interference With Business Expectancy Claim*

The Court finds that this claim set forth in the pleadings as

ORDER - 5

Plaintiff's fourth cause of action fails because:  1) Plaintiff Quicksilver had no ongoing provable contractual relationship with its prospective customers and any prospective relationships were speculative and unknown to Apollo; and 2) Defendant Apollo did not intentionally interfere with a business relationship or expectancy. Any interference by Defendant Apollo occurred within the scope of Apollo's normal business operations undertaken in furtherance of its lawful economic interest in providing efficient and effective construction services on the Project.  This claim against Apollo and the City is dismissed.

    4.  *Damages*

Plaintiffs have waived their claim for damages associated with the alleged past, current, or future loss or reduction in value of Quicksilver's real estate, with the exception of alleged losses related to direct damage to real property improvements arising from negligence of Apollo as noted above.

Plaintiffs' damages computation includes claims for:  1) an increased advertising budget post-construction; and 2) out-of-pocket medical expenses for Plaintiff Kathy Deskin and her family resulting from the business not carrying medical coverage for Deskin.

Defendant Apollo argues, and the Court agrees, that neither Apollo nor the City could have foreseen that Quicksilver would adjust its marketing expenses or discontinue it employee medical benefits in response to its alleged loss in sales that it alleges was attributable to Defendants Apollo and the City.  The Court finds that these damages were not reasonabley foreseeable and proximately caused by the acts

ORDER - 6

upon which liability is based.   Therefore, Plaintiffs are denied the ability to recover these expenses.

**B.   Defendant City's Summary Judgment Motion**

1.   *Inverse Condemnation Claim*

As noted in part A above, the Court finds that the Plaintiffs' allegations of a temporary blocking of access to their business, and a temporarily impeded access route do not amount to a "taking" by Defendant City.   The Court further finds that the balance tips in favor of the interests of the public in general against those of the individual Plaintiffs. Inherent in this finding is the concept that the individual must bear a certain amount of inconvenience and loss of peace and quiet as the cost of living in a modern, progressing society.[1]   In inverse condemnation, however, the measure of recovery is injury to market value, and that alone.   *Ackerman v. Port of Seattle*, 55 Wash.2d 400 (1960).   For these reasons, the inverse condemnation claim fails and must be dismissed.

2.   *Denial of Due Process Claim*

The Court finds that Plaintiffs' Complaint fails to allege that they were denied any component of notice and an opportunity to be heard.   Plaintiffs cannot establish their claim for denial of procedural due process under the 14th Amendment.   This claim against the City must be dismissed.

3.   *Takings (5th Amendment) Claim*

The Court finds that Plaintiffs have failed to prove they have

---

[1]As noted above, Plaintiffs have stipulated to dismissal of their claim for a decline in the fair market value of their real property.

ORDER - 7

been denied all beneficial use of their property over an extended period of time. Being temporarily denied beneficial use does not amount to a takings claim under the undisputed facts of this case and relevant case law. *Tahoe-Sierra Preservation Council, Inc. V. Tahoe Regional Planning Agency*, 216 F.3d 764, 777-78 (9th Cir. 2000). Although Plaintiffs argue that they continue to suffer from noise, dust and vibration from the railroad realignment, the Court finds Defendant City is not legally responsible for these effects. The railroad easement pre-existed and all activities of the railroad are confined to a lowered track bed located on property controlled and used in the same manner by it both before and after the Project was completed. Of note, the railroad is not a defendant in this litigation.

     4.   *Washington Constitution Claim*

     Inasmuch as Plaintiffs have asserted an inverse condemnation claim which essentially raises due process concerns in the context of developed law (dismissed above), they cannot reallege the same cause of action by referencing the general due process clause found at Art. I, §3 of the Washington Constitution. (See Complaint, ¶ 4.3). Because Washington has no state statutory equivalent to 42 USC § 1983 involving deprivation of constitutional rights or augmentive legislation relating thereto, this section of the Constitution fails to provide a statutory basis to support Plaintiffs' case. Accordingly, all remaining claims of Plaintiffs against the City of Kennewick based upon the Washington Constitution are dismissed.

     5.   *Negligence Claim Against City of Kennewick*

     Plaintiffs' third cause of action asserts a claim for general

negligence against Defendant City of Kennewick in the planning and
execution of the Project.  While this claim does not directly impact
the contractor, Defendant Apollo, it would appear that if the plans or
specifications were shown to be defective, then the City would be
potentially liable for any such negligence.  Plaintiffs, however, have
not shown that the plans or specifications for the Project were
defective or that Defendant City of Kennewick breached any duty owed
to Plaintiffs or that damages were proximately caused by that breach.

The Court concludes that under the undisputed facts of this case,
the Plaintiffs have failed to designate specific facts establishing a
genuine issue for trial with regard to the requisite elements of
negligence against the City of Kennewick.  As such, the negligence
claim against Defendant City is dismissed along with any derivative
claims which have been, or could have been, asserted against the City
due to the alleged negligence of Apollo.

**IV.   CONCLUSION**

Except as noted with regard to the limited direct negligent
damage claim to property against Apollo for which summary judgment was
not sought, and for the reasons stated above, the Court grants
Defendants summary judgments on all claims subject to those motions.

**IT IS HEREBY ORDERED:**

1.   Defendant Apollo's Motion for Partial Summary Judgment, **Ct. Rec. 30**, filed July 31, 2008, is **GRANTED**.

2.   Defendant City of Kennewick's Motion for Summary Judgment, **Ct. Rec. 52**, filed October 24, 2008, is **GRANTED**.

///

///

ORDER - 9

1      **IT IS SO ORDERED**.   The District Court Executive is directed to

2   enter this Order and forward a copy to counsel.

3      **DATED** this _9th_ day of December, 2008.

4                                          ***s/Lonny R. Suko***

5                              _____

                                        LONNY R. SUKO
6                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 10